In the Matter of the Extradition of Isabelle KAWALEK.

Civ. A. No. 63–60.

United States District Court
D. New Jersey.

Oct. 19, 1960.

Alain Decombe (New York Bar), for demandant, Republic of France.

Stanley Blasi, Newark, N. J., for accused.

WORTENDYKE, District Judge.

Pursuant to the provisions of the Treaty of January 6, 1909, proclaimed July 26, 1911 (Treaty), 37 Stat. 1526, and still in effect, between the United States of America and the Republic of France, and upon the verified complaint of the Consul General of France for the States of New York, New Jersey and Connecticut, a warrant issued to the United States Marshal for the District of New Jersey for the apprehension of Isabelle Kawalek, a French national, presently residing at 164 Broad Street, in the City of Perth Amboy, in this District, and alleged to be a fugitive from justice.

The warrant was duly executed, and upon return thereof the accused was released in the custody of her attorney, pending a hearing upon the complaint of the Consul General.

A hearing was duly held on September 13, 1960, as required by 18 U.S.C. § 3184, at which was presented evidence of criminality in support of the complaint. At the conclusion of this hearing, the accused moved for a dismissal of the proceedings against her, and the Court reserved decision thereon pending its examination of the documentary evidence of criminality received at the hearing. This opinion embodies the Court's decision (1) upon the motion to dismiss, and (2) upon the application of the Republic of France for extradition of the accused.

By the terms of the Treaty the high contracting parties mutually agree to deliver up persons who have been charged with or convicted of embezzlement, by persons hired or salaried, to the detriment of their employers. The Treaty further provides that if the person has not been convicted of the offense charged, but is a fugitive within the jurisdiction of the party upon whom demand is made for extradition, a duly authenticated copy of the warrant of arrest in the country where the offense has been committed and of the depositions or other evidence upon which such warrant was issued, shall be produced. The extradition of fugitives under the provisions of the Treaty is required to be carried out in the respective jurisdictions of the high contracting parties in conformity with the laws regulating extradition for the time being in force in the State on which the demand for surrender is made.

In addition to a copy of the Treaty relied upon, there was admitted in evidence before me a duly authenticated copy of a warrant of arrest, dated July 19, 1958, signed by the Examining Magistrate at the Court of First Instance of Thionville, Moselle, France, against Isabelle Kawalek, on charges of breach of trust, larceny, stealing, and violation of mail, alleged to constitute crimes committed at Thionville during the years 1955, 1956 and 1957, in violation of Articles 405, 408 and 187 of the French Penal Code. This copy of warrant was authenticated on October 28, 1958 by the Chief of Bureau of the Ministry of Justice of the Republic of France. The warrant refers to the accused, Isabelle Kawalek, as an unmarried female, born November 23, 1930, at Algrange, Moselle, France, a French national, lately residing at 18 Rue Clemenceau, Nilvange, Moselle, France, occupation Clerk, but residing on the date of the warrant at 164 Broad Street, Perth Amboy, New Jersey. The document further sets forth that in her employment as an office clerk for Jules Mercuriali, a contractor at Thionville, Miss Kawalek was in charge of the payroll, the filing of invoices and the drawing of checks and money orders for the firm. It is also alleged therein that, in such capacity, she embezzled moneys intended for the payment of invoices, and appropriated to her own use funds remitted to her employer. She is further accused of cashing checks for various amounts, drawn upon checking accounts of her employer, by forging her employer's signature thereto, and by these means embezzling and diverting to her own use sums amounting in the aggregate to six million francs. The warrant further alleges that in order to hide her fraudulent operations the accused opened and destroyed mail addressed to her employer, and that upon the institution of a criminal investigation, she departed from France and took refuge in the United States of America.

There was also received in evidence before me duly authenticated copies of written statements made to Police Officer Vialle of the Sixteenth Squad of the Police Judiciaire, an auxiliary of the district attorney, by the following persons: Jules Mercuriali, Pierre Zosi, Jose Pierquet, Mrs. Antole nee Lucie Compagnia, and Mrs. Leontine Schneider. These statements support the accusations set forth in the warrant. They suffice to establish reasonable ground to believe that the accused is guilty of those of the offenses charged in the warrant which are included in the Treaty. 18 U.S.C. §

3190; Collins v. Loisel, 1922, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956; Bingham v. Bradley, 1916, 241 U.S. 511, 36 S.Ct. 634, 60 L.Ed. 1136; Elias v. Ramirez, 1910, 215 U.S. 398, 30 S.Ct. 131, 54 L.Ed. 253; Argento v. Horn, 6 Cir., 1957, 241 F.2d 258, certiorari denied 355 U.S. 818, 78 S.Ct. 23, 2 L.Ed.2d 35.

I deem the evidence, oral and documentary, submitted upon the hearing before me on the complaint aforesaid sufficient to sustain the charges of embezzlement and breach of trust by Isabelle Kawalek under the extradition treaty between the United States of America and the Republic of France, proclaimed July 26, 1911 and presently in effect, and hereby certify, together with a transcript of all the testimony taken and exhibits in evidence before me, to the Secretary of State of the United States of America, to the end that a warrant may issue upon the requisition of the proper authorities of the Republic of France for the surrender of said Isabelle Kawalek, according to the stipulations of said Treaty.

The motion for dismissal of these proceedings is denied and the extradition applied for will be ordered.